### SELBY v. UNITED STATES.

#### (District Court, E. D. Missouri, E. D. October 28, 1891.)

**1. CIRCUIT COURT CLERKS—EXPENDITURES FOR CLERK HIRE.**
Where no limitation has been placed upon the expenditures of the clerks of the United States circuit courts for clerk hire, they are not liable to account for necessary sums paid for that purpose out of the emoluments of their office, and which payments have been approved by the attorney general.

**2. SAME—VOLUNTARY PAYMENT.**
But where, notwithstanding this absence of limitation, the first comptroller of the treasury demands from the clerk the payment of a specified sum, claiming that he had expended more for clerk hire than was allowed by law, which sum the clerk pays over with full knowledge of all the facts and without duress of any sort, this is a voluntary payment, and the money cannot be recovered.

At Law.

Petition of Arthur P. Selby, clerk of the United States circuit court, brought under the act of March 3, 1887, which permits suits to be brought against the United States to recover moneys paid to the first comptroller of the treasury.

*Thomas M. Knapp*, for plaintiff.

*George D. Reynolds*, U. S. Atty.

THAYER, J. The facts established on the trial of this case are stated with substantial accuracy in the following extracts from the plaintiff's petition:

"As clerk of the United States circuit court for the eastern district of Missouri, from the 1st day of March, A. D. 1883, up to and until the 1st day of July, A. D. 1885, plaintiff was not limited by any action of the department of justice to any specific amount to be paid by plaintiff for clerk hire in said office of the United States circuit court for the eastern district of Missouri. As such clerk, he paid for clerk hire out of the emoluments of his office, for and during the first half of the calendar year 1885, to-wit, from the 1st day of January, A. D. 1885, to the 30th day of June, A. D. 1885, the sum of two thousand nine hundred and forty-six dollars; that said amount so paid was approved by the attorney general of the United States, and plaintiff was allowed said amount by said attorney general in the emolument return made by plaintiff for said first half of the calendar year A. D. 1885. Thereafter, to-wit, on the 15th day of July, A. D. 1885, the said attorney general, by his letter of said last-named date to plaintiff, limited the amount plaintiff would be allowed to pay for clerk hire from and after the 1st day of July, A. D. 1885, to the sum of three thousand dollars per annum; and thereafter, to-wit, on the 4th day of August, A. D. 1885, the said attorney general, by his letter of said last-named date to plaintiff, increased the said limit of the amount to be expended by plaintiff for clerk hire in said office to the sum of four thousand dollars per annum from and after the 1st day of July, A. D. 1885."

To the foregoing the court adds the following finding:

On June 25, 1886, the first comptroller of the treasury requested and demanded of the plaintiff that he should pay over to the United States the sum of $946, this demand being based on the ground that he had not been authorized to expend for clerk hire in his office a sum exceeding $2,000 for the half-year ending July 1, 1885. In accordance with such demand, plaintiff paid to the United States said sum of $946, which it received and still retains. To recover the sum so paid plaintiff now sues.

### CONCLUSIONS OF LAW.

The court holds as a matter of law that the plaintiff was under no legal obligation to refund to the United States said sum of $946, inasmuch as that portion of the emoluments of his office had been actually expended for necessary clerk hire before any limitation had been placed on the amount of such expenditures. But, inasmuch as plaintiff made the payment in question upon request of the first comptroller, with full knowledge of all the facts upon which his right to retain the money depended, and without being under duress of any sort, the court further concludes that it was a voluntary payment, and that plaintiff cannot recover the money in a suit at law. It rests with congress, and not with the courts, to do justice and afford redress in such cases.